Richmond, P. J.
By the record in this case it appears that Susy M. Ferguson, appellee herein and plaintiff below, was the owner and in possession of certain personal property, a portion of which was included in a chattel mortgage for the purpose of securing the payment of a promissory note payable to Irving C. Lewis, and that she delivered this personal property together with unmortgaged property and the possession of her dwelling-house to the defendants, Lewis and Dobbins, with the understanding that they should proceed to sell the personal property and credit the proceeds of such sale upon the note, and that all unsold property should be returned to plaintiff.
In the complaint it is alleged that the defendants and their sérvants so negligently and carelessly conducted themselves, that while they so remained in possession of the dwelling-house, together with the property mentioned in the complaint, a certain portion of it was taken away by some person or persons unknown, and thereby the same was wholly lost to plaintiff, to her damage in the sum of 1450.65.
The defendants specifically deny the averments in the cotaplaint, and allege that they never received the property; and that the property they did receive was sold and the amount credited upon the mortgage.
From the foregoing it will be seen that the question at issue was whether the plaintiff, Susy M. Ferguson, delivered to defendants certain property which they agreed to account for or return, and whether or not a portion of the property so delivered was, while in possession of defendants, lost to plaintiff through the carelessness or neglect of defendants.
The cause was tried to a jury, and from the very limited abstract of record we learn that the jury were requested to return a special finding to the court. Upon trial the jury found as follows :—
“ We, the jury, find the issues joined for the plaintiff, and assess her damages against Lewis and Dobbins at two hundred and fifty dollars.”
*523 . Questions:—
1. Were the defendants, Lewis and Dobbins, authorized by the plaintiff to sell the unmortgaged property which defendants did sell ? Answer. Yes.
2. What was the value of the unmortgaged property which was sold ? Answer. Three hundred and two dollars.
3. Were the goods mentioned in the second cause of action, or any portion of them, lost to the plaintiff through the carelessness or negligence of the defendants, Lewis and Dobbins ? If so what were the goods lost or stolen ? Answer. Yes, to first clause of this question. Answer. To second clause of question, Goods as per appended list were lost or stolen.
4. If you answer, yes, to this third question, what was the value of that property? Answer. Two hundred and fifty dollars.
Thereupon defendants moved for judgment on the verdict and assigned the following reasons:—Because it appears from the record, to wit, the complaint, answer and verdict, that the defendants were authorized by plaintiff to sell the property mentioned in the complaint, and credit the proceeds arising from such sale on the Lewis chattel mortgage, and because the plaintiff should have included the property mention in the action for an accounting brought by said plaintiff against said defendants in cause No. 9180 in this court, and because the defendant, Lewis, offers hereby to credit said plaintiff with the value of the goods lost through defendants as appears in said verdict, to wit, $250 on said chattel mortgage debt, in the said action for an accounting in cause No. 9180.
The motion was denied and defendants pray an appeal.
The evidence in the case is not saved by the bill of exceptions, or recited in the abstract of record. The briefs filed by the respective parties leave us in some doubt as to what our conclusion might be if the cause was properly presented' by the transcript and bill of exceptions. But in the absence of such a record we are utterly unable to determine what
*524 should he done, and inasmuch as the jury have passed upon the single issue made by the pleadings against the defendants, and the court has adopted such finding and entered judgment thereon, we are warranted in saying that the judgment must be affirmed.

Affirmed.